JOSHUA B. STEARNS *vs.* DAVID WASHBURN.

The price of grass growing on the land of the vendor could not be declared for by either of the common counts; and cannot therefore be sued for under *St.* 1852, *c.* 312, § 2, in a count on an account annexed.

ACTION OF CONTRACT on this account annexed: " Mr. David Washburn to Joshua B. Stearns Dr. For grass on lot No. 8, Winter Hill, $7.00." Writ dated September 16th 1854. Trial in the court of common pleas before *Sanger,* J., who signed this bill of exceptions :

" There was evidence tending to show a contract of sale from the plaintiff to the defendant of the grass in question, which was then growing on said lot, and which was to be cut and carried away by the defendant. But it also appearing that the grass had never been cut or taken by the defendant, nor by any one for his use, and it not appearing that the defendant had ever experienced any benefit therefrom in any way, although he could have cut the grass if he had so wished, the defendant requested the presiding judge to instruct the jury that the plaintiff could not recover in this form of action; but the judge refused so to instruct the jury, and they returned a verdict for the plaintiff. To which refusal the defendant excepts."

*M. G. Cobb,* for the defendant.

*J. Q. A. Griffin,* for the plaintiff.

METCALF, J.   As we understand the practice act of 1852, *c.* 312, § 2, which has changed the form of declaring in personal actions, it allows a count on an account annexed to be used only when one at least of the items of the account " would be correctly described by some one of the common counts, according to the natural import of its terms."   The " common counts " we understand to be those which were formerly termed counts in *indebitatus assumpsit;* as for money had and received, for money lent, for money paid, for goods sold and delivered, for goods bargained and sold, &c.   In the schedule of forms prescribed by that statute, the count on an account annexed is required to be thus : "And the plaintiff says the defendant owes him ―― dollars, according to the account hereto annexed."   In the present case, this form is adopted, and the account annexed is " For grass on lot No. 8, Winter Hill, $7.00."

The evidence, at the trial, was of a contract of sale, from the plaintiff to the defendant, of the grass growing on the said lot, which grass was to be and might have been cut and carried away by the defendant, but which he omitted to cut and carry away. Now if any of the common counts would have correctly described the plaintiff's claim, it must have been either that for goods sold and delivered, or that for goods bargained and sold.   If he could not have maintained either of those counts, on the evidence, then he cannot maintain this count on the account annexed. And we are of opinion that the evidence would not have supported either of those counts.   The contract of the parties was an executory contract of sale, to be completed by the defendant's severing the grass from the land.   Until severed, the grass was not personalty, not goods or·chattels, but was part of the realty, and remained the property of the plaintiff.   *Claflin* v. *Carpenter*, 4 Met. 582, 583.   *Lewis* v. *Culbertson*, 11 S. & R. 48. *Waddington* v. *Bristow*, 2 Bos. & Pul. 455, by Heath, J.   *Crosby* v. *Wadsworth*, 6 East, 610, by Lord Ellenborough.   *Evans* v. *Roberts*, 5 B. & C. 832, by Bayley, J.   *Whitmarsh* v. *Walker*, 1 Met. 315, by Wilde, J.   *Miller* v. *Baker*, 1 Met. 33, by Dewey, J. But if the grass could be regarded as goods, yet there was no such delivery of it to the defendant as is necessary to entitle

the plaintiff to maintain a count for goods sold and delivered. To maintain that count, it is essential that the goods should have been delivered to the defendant or his agent, &c. or that something equivalent to a delivery should have occurred ; and if not delivered, but still on the premises of the vendor, though packed in boxes furnished by the purchaser, the plaintiff will be nonsuited, if he has declared only for goods sold and delivered ; for he should have declared for goods bargained and sold, or in a special count. And if there has been no delivery of the goods, even the count for goods bargained and sold (not showing a delivery) cannot be maintained, unless it appear that there has been a complete sale, and the property in the goods has become vested in the defendant, by virtue of the sale, and an actual acceptance of the commodity by the defendant. These positions are laid down in 1 Chit. Pl. (12th Amer. ed.) 345, 347, as the result of the latest decisions of the English courts, combined with the earlier decisions cited in the previous editions of that work.

The conclusion of the matter seems clearly to be this, namely, that the plaintiff, on the evidence stated in these exceptions, could not maintain an action on any of the common counts, and therefore cannot maintain this action on a count upon the account annexed ; but that he should have declared specially on the contract of sale, and the breach of it by the defendant.

The action, in its present form, might have been maintained, if the defendant had taken the grass from the land, according to his agreement, and had not paid for it; for then, as he would have been liable on the common count for goods sold and delivered, he would have been liable also on the count adopted in this suit. See *Bragg* v. *Cole,* 6 Moore, 114 ; 2 Saund. Pl. & Ev. (2d ed.) 91.

The verdict must be set aside, and a new trial granted. On the new trial, the plaintiff will undoubtedly obtain leave to amend his declaration.